Good afternoon and may it please the court. My name is Charles Hausberg and I represent the appellant Dr. Robert Lutz. I'd like to reserve three minutes for rebuttal please. We're here to appeal the trial court's grant of summary judgment that dismissed Dr. Lutz's procedural due process claim and we're requesting that this court reverse that ruling. The trial court's order did not apply the summary judgment standard correctly and in essence adopted the defendant's facts rather than the evidence in the light most favorable to Dr. Lutz. Well the district court did say that it was undisputed that the health district gave Dr. Lutz notice on November the 5th a hearing in advance and was given the opportunity to speak at that hearing. What do you think is the strongest evidence you have in the record that indicates that um he was actually terminated before the November 5th hearing? Thank you your honor. The evidence that we presented is not one or two or three items it's actually seven eight or nine items. The strongest evidence is Dr. Lutz's own declaration where he said that he was called into a meeting with no prior notice that he was going to be terminated and he was terminated effective immediately and then that termination was then emphasized again as effective immediately by the administrative officer of the regional health district. That that's one item your honor but I'd like to go through a couple more if you would indulge me. The email from the defendant's attorney that same evening of October 29th please be advised that Amelia has terminated Dr. Lutz's employment. Then the testimony of board member Brian Beggs who's now a superior court judge here in Spokane. Judge Beggs testified at a deposition that he called Ms. Clark that same evening and if she if Dr. Lutz had been terminated and she said yes and then what we have is on October 30th. Well what if their argument is well that they began the process they began the process of this termination and then which culminated in his opportunity to present evidence at this hearing. What what about that argument? Your honor there there is no merit to that argument because he was terminated quote effective immediately and then multiple communications indicated that he was gone he was fired. The email from the morning after at 7 46 a.m on October 30th. Yesterday was Dr. Lutz's last day at the health district and then we have declarations from other witnesses Lindia Wilson that she spoke with Ms. Clark on both October 29th and the 30th and Ms. Wilson's testimony is Ms. Clark told her Dr. Lutz had been terminated and that the decision was final. That's Ms. Wilson's testimony. We have Mr. Steve Smith was on a call where Ms. Clark also said his last day was today. He's no longer an employee of the health district and Ms. Clark again indicated that this was a lot of people's decision. It was a collective decision by the defendant. We've got other contemporaneous news release documents that again show that Dr. Lutz's last day was October 29th. That's what the health district said over and over again and then suddenly they changed their tune because there's backlash. If we go back we're going back now five and a half years to the COVID-19 pandemic. This was big news in Spokane. There was big backlash about this and so after they're called out on this behavior including after an October 30th press conference where again they say at this press conference Dr. Lutz is not there anymore. He is not the health officer. There's backlash and then the story completely changes and I would anticipate counsel will say he was actually placed on administrative leave but that actually happened on November 2nd. The email on the record is Amelia now wants to place Dr. Lutz on administrative leave. That's from November 2nd. There's actually a contemporaneous email from October 30th that says Dr. Lutz's last day was yesterday. That's with HR and Ms. Clark. The evidence respectfully is overwhelming that he was terminated. This decision was made and it was made by the board on October 29th. The district court seemed to put some amount of weight on the fact that Dr. Lutz was aware of the bylaws that gave the board control over his employment. Was that proper? Are those bylaws relevant here? What do we make of that? Your honor, they're not relevant because Dr. Lutz knew that his rights were violated. He doesn't have a claim. Respectfully that logic does not make sense. He knew that he had been wronged but that doesn't mean that he doesn't have a right or redress to address that. Respectfully he does. What we're here for on this very claim is constitutional due process. That's what we're looking at. We're looking at Loudermill and the number of cases that come after that so what Dr. Lutz is entitled to. Those cases say that he was entitled to before termination, that he was entitled to notice of the charges against him, an explanation of the evidence, and an opportunity to present his side of the story. But all this has happened before the termination decision is made. The cases are very, very clear that if the decision has already been made, nothing else matters. That violation has occurred. Matthews, that we've cited before, the Oregon school district case, that's one of multiple cases here that says if the termination happened, you can't unring that bell. The due process violation has occurred. So on that question, as a matter of law, do you have a case that says you can't unring the bell? I mean, I guess one way to look at this, if there was an intent and a stated objectively intent to fire your client as of day one, but then they realize they should have given him due process, can they say, can they unring the bell and give the due process post the termination and cure essentially the due process deficiency? No, your honor. In other words, can't they say, oops? They absolutely cannot, your honor. They cannot. The cases are very, very clear that they can't. Clements, the Knudsen case, Matthews, they're all abundantly clear that they cannot unring that bell. And that once the violation has occurred, there's nothing you can do to cure that part of the violation. Absolutely nothing. That's the case we have here. And it's not just one piece of evidence. It's so many. It's seven, eight, nine pieces of evidence that needed to be weighed. But to her question, do you have a case that would say that? Yes, Matthews, your honor. The Ninth Circuit case, Matthews. And your honor, let me find another citation for you. The Knudsen case that's in our briefing as well. And the Clements case, your honor. All of those cases that are in our brief all stand for this proposition that the violation has occurred. It cannot be cured. It cannot be unrung. And the summary judgment standard clearly indicates, and we all know that you cannot weigh evidence. You cannot judge credibility on summary judgment. But when we look at the district courts ruling, that's what we see. We see no proper accounting for what happened on October 29th. None, none whatsoever. And so the summary judgment standard actually was flipped against Dr. Lutz. And so that's why we're asking this court to reverse this ruling and reverse the court's grant to summary judgment. Does the court have any more questions for me? Otherwise, I'll reserve the rest of my time for rebuttal. Thank you. Good afternoon, your honors. May it please the court and counsel. My name is Heather Yakeley, and I'm with the law firm of Evans, Craven, and Lackey. And I am here representing the Spokane Regional Health District. I'm assuming you're going to have some questions for me, but I want to start with one important premise that I think sets the stage for this, which is neither one of these parties are unsophisticated. Dr. Lutz is a very well-educated physician. He served in leadership positions previous to this. And I do believe that it is relevant that he served on the board of health, specifically for the Spokane Regional Health District. One of the reasons that's important is I also disagree with Dr. Lutz's premise that bylaws don't matter. I do believe that the bylaws actually do matter. Well, if the bylaws say that there had to be process, but his point is that they were violated, why does that matter? Actually, the bylaws don't say that there has to be due process. It simply says that they have to approve the termination. So plain language is approve the termination. So when did they approve the termination? They approved the termination. If you look at the bylaws, if you look at the statute, the statute says that they need to make the decision. So he has to be given a notice, an opportunity to be heard. So the statute, RCW 70.050, does say you have to be given due process. So go to my question, though. Specifically to your question, they approved, if you want to go by the bylaws, or they heard after giving him an opportunity to be heard on November 5th. But his argument is that that's not what happened here, that the bylaws were violated and that the decision was made on October 29th. So I don't see what difference it makes that he may have been aware of the bylaws. The argument is that they violated his legal rights, that they did not give him the process to which he was due, that he was not given notice before October 29th. And so I believe that the district court assessed the facts correctly. And those facts are, he had a meeting on the 29th. His meeting was with Dr. Clark. She was the administrative officer and the chair to discuss employment performance issues or, in the alternative, the resignation. Right, but she stated to him, allegedly, you're terminated effective immediately. And then his keys were revoked, his computer, his cell phone, his badges. Those are all usual indicia that someone has been fired, not that the board is in the process of making a decision about whether to revoke employment, but that their employment is over. Why is there no genuine issue there? Well, one, because the record is actually very clear from Ms. Clark and from the HR person that it is common when you are going to have somebody placed on administrative leave to take their keys, take their computer, take their access. How about the words you're terminated effective immediately? Is that common if someone has not actually been terminated effective immediately? And I agree that there's a question of fact specific to what Dr. Lutz says was said versus what Dr. Clark. But then if it's a question of fact, then that's the end of it, isn't it? But no. Why? And I would like to tell you why, because what you have to look at is the timeline of this, right? So there's a question of fact over what words were specifically said to Dr. Lutz. Sorry, I'm going to get my doctors confused. There's definitely a question of fact. You have to assume his version of the facts, right? And you win anyway. So assume they did say you're fired effective immediately on October 29th, escorted him out of the building. You're saying that we should not treat that as the termination date as a matter of law or as a matter of fact? As a matter of fact, we should not treat that as the termination date because one day later, Dr. Lutz, he does a press release. This isn't like there's a question of somebody misunderstood me. The reporter misquoted me. There's nothing like that. This is a press release. And he says, I've retained a lawyer, and I'm now waiting for a determination by the board. So that becomes relevant, particularly in this case when there is questions of fact. It becomes relevant because at the specific time when Dr. Lutz is saying I was terminated, he knew he wasn't terminated. His arguments about... Counsel, I watched the press conference saying that by Clark announcing that he's fired effective yesterday, meaning October, the press conference on October 30th. So that would have been October 29th. I can't dispute that Dr. Clark... You can't because I watched it. Well, and I mean, I can't dispute, and I think we say it in our briefing very clearly, can't dispute that Dr. Clark was not skilled, was not well prepared. I don't know what words you want to use. No doubt about it that her wording was not particularly... Effective yesterday. That's clear, isn't it? But I don't think that you can ignore... If you need to concede something, you can, but... Yeah. I mean, I think her words were clear, but I also think that the record is also very clear that she did not actually mean to say that. She says that. But she also said, she was also asked a question at that press conference about whether the board approved the resignation of Dr. Lutz. This is October 30th. And she says she took her action yesterday with the full support of the board. So, I mean, even if we assume that she didn't have authority to do anything and Dr. Lutz knew that she didn't have authority to do it, then you still get to the question of whether this hearing on November 5th was just a pretext for a decision that had already been made, which also would violate Dr. Lutz's due process rights. So, I mean, it seems like you still have a problem there because how are we to know that the board really undertook a fair evaluation when you have Dr. Clark stating on October 30th that she took her action with the approval of the board? I mean, I just can't see how this is appropriate for summary judgment. But go ahead. First, with respect to her wording, she said she has the support of the board. And I think it's really important to make a distinction and look at the plain language, which is support. There is no person who has a supervisor above them who would a high-profile individual, high-ranking employee, without making sure that they have the full support of their board. Well, if she had the full support of the board, then what was the hearing on November 5th about? Go ahead. My point is, it's not a board making a decision. A board is saying, okay, we understand your reasoning behind this. We understand that you're having problems and that you don't think that you can work with him anymore. So, you need to take the action that you can take. We'll support that. This seems like we're well past summary judgment at this point. You're asking us to draw an inference from the record that the board did not, in fact, already approve the termination. But I think we're supposed to draw all inferences in favor of the non-moving party under the summary judgment standard. So, if we draw all inferences from the record in favor of the non-moving party, we would infer that, in fact, the board did approve termination in the words that, plain words that were actually used, fired effective immediately with the full support of the board. And the board, in fact, did. So, even assuming that you're correct as a matter of law, only the board can make the decision to terminate. We could draw an inference from the record or a reasonable fact finder could find that, in fact, the board did fire Dr. Litz as of October 29th and that the rest was essentially a post hoc attempt to provide due process. And I understand that's only one inference. And it's also possible to draw the inference that you are arguing for. But these are inferences that, under the summary judgment standard, seem to me should be left for the jury. And I certainly respect and understand that concept. I don't believe that the trial court erred simply because of what we already have talked about. I'm watching my time. Which is, there are other facts known. And wholly, they can't be disputed because they're Dr. Litz's words. So, he knew he was waiting for something further from the board, which happened on the 5th. He knew that. He could be taking an appeal, you know, to the board. I mean, it doesn't mean that it didn't happen. But, I mean, anything is possible. That is true. But I don't think that you can separate those out when you look at the totality of the evidence. Okay. Thank you. A few brief points to raise here. And I think it's important to emphasize that there are issues of fact here. If there's testimony that needs to be addressed, it's for the trial. It's for the jury. How would you explain? How do you respond to that? That he's, your client said he was waiting for a decision from the board. I would say my client is not a lawyer. And he could certainly be impeached at trial based on that statement. But he has sworn declaration testimony that he was fired effective immediately on October 29th. And not only that, so that's impeachment at best. That's it. This is for the jury to decide. These are credibility issues at most. And this is what trials are about. It's not for summary judgment. And then what I would point you to, your honor, is all of the other evidence in the record that shows that he was terminated on the 29th. ER-265 is an email from the HR coordinator confirming that he was fired the prior day. And then we have a press release document ER-268, which says that on October 29th, Administrative Officer Amelia Clark received support from the Spokane Board of Health to offer Dr. Bob Lutz the opportunity to resign by 4 p.m. on October 30th in lieu of termination. Then it says October 30th, as of 4 p.m. today, Lutz did not submit a resignation. Therefore, he is terminated. These statements are all statements of board support to terminate Dr. Lutz. And this all happened with no notice whatsoever, none. There was no warning, no warning that his job was in jeopardy prior to the 29th. And so what I would say is there are multiple witnesses that need to be vetted by a finder of fact. Ms. Wilson, Mr. Smith, Ms. Clark herself, the HR director who wrote this email saying his last day was the 29th, among many others. That's how I would respond to that, Your Honor. There is no dispute that this press conference, frankly, standing alone, is yet another piece of evidence that he was fired on the 29th. There are numerous issues of fact and there are numerous items of evidence that could be pointed to, any one of which should have precluded summary judgment on this point. So, Your Honor, we're asking the court to reverse this grant of summary judgment and reinstate Dr. Lutz's claim for his violation of procedural due process right. Does the court have any final questions for me? Thank you. Thank you, counsel for your helpful arguments.
judges: SUNG, THOMAS, MENDOZA